588

John E. DANIELS *v.* Jessie Marie DANIELS

CA 80-19                                    599 S.W. 2d 748
Court of Appeals of Arkansas
Opinion delivered May 7, 1980
Released for publication June 11, 1980

*Cortinez & Webster*, by: *Warren H. Webster*, for appellant.

*Rowland & Templeton*, by: *Ben D. Rowland, Jr.*, for appellee.

DAVID NEWBERN, Judge. In this divorce case the parties were unable to reach a mutually acceptable division of their property. The chancellor distributed some items and ordered that others, including the parties' home and the assets of two businesses be sold and the proceeds divided equally between the parties. The final order of distribution of assets, including the proceeds of the sale, was made December 7, 1979. This

was after the Arkansas Supreme Court's decision in *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979), which held unconstitutional the statute making allowance for temporary alimony, maintenance and attorney fee available to women only. That decision, which was predicated upon *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102 (1979), at least called into question the constitutionality of Ark. Stat. Ann. § 34-1214 (Repl. 1962), which made distribution of property upon divorce also dependent on gender to a degree. Our supreme court did not consider the constitutionality of this statute, and it has not been placed in issue here. The chancellor chose specifically to ignore the statute and made a distribution of the property based solely upon "equitable principles." His decision in that respect may have been prophetic. See, *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 21 (1980).

The appellant's argument is, first, that the chancellor failed to apply Ark. Stat. Ann. § 34-1214 (Repl. 1962), which would have required that the wife be granted only one third of the appellant husband's individual, personal property. The other arguments concern the manner in which specific items of property were accounted for in the distribution. We will discuss each point separately.

### 1. *Failure to Apply the Statute*

As mentioned, we are not called upon to assess the constitutionality of the property division statute which was in effect at the time this case was filed. However, given our supreme court's pronouncement in *Sweeney* v. *Sweeney, supra,* that "equity courts" should draw upon their traditional powers to determine the rights of divorce litigants to support, we are unwilling to say the chancellor was wrong in dividing the property according to "equitable principles." In addition, we agree with the appellee's argument that nothing in the appellant's abstract or brief shows that any of the property dealt with by the court was owned individually by the appellant or that he pursued any such contention at the hearings below. The appellee contends she is unable to supplement the abstract to show parts of the record where the court determined some items not to be the appellant's individual property because the appellant did not designate

those parts of the record to come before this court. See, A. R. App. P. 3(e).

We hold the appellant's abstract is not sufficient to permit us to consider this point. Supreme Court and Court of Appeals Rule 9.

## 2. *Interest on Home*

In its final distribution, the trial court charged to the appellant $1,062.00 representing overdue interest on payments not made during a time when the appellant occupied the home and the appellee did not. The chancellor found the appellant was specifically and individualy responsible for that amount because only he benefited from occupancy during the time that amount accrued. Thus, we cannot agree with the appellant that the court erred in failing to credit him with half that amount on the theory it was a joint obligation.

## 3. *Judgments*

Likewise, the appellant claims he was erroneously charged with $1,103.78 representing debts incurred by one of the businesses sold. The court found specifically that that amount represented judgments against the appellant and not the business, although they were paid out of the proceeds of the sale. We find no reason to disagree.

## 4. *Withheld Furniture*

It was apparently undisputed that the appellant withheld from the court-appointed auctioneer certain items of furniture worth $1,005.00 which should have been included in the sale. This amount was added into the total amount to be divided between the parties and then charged against the appellant.

The appellant argues he is not being given credit for his one half of the value of that furniture. The argument is erroneous as it ignores the fact that the $1,005.00 was included in the amount to be divided, and then subtracted from the

portion to go to the appellant. It is clear he got credit for his portion when the value of the furniture was included in the proceeds to be divided.

### 5. *Bank Account*

The appellant contends there was a joint bank account containing $5,000.00 which was not divided by the court's orders. True, we find nothing in any of the court's orders dealing with the account. The only abstracted testimony on the point is that of proceedings of November 8, 1979, in which the appellant said there had been a joint bank business of Daniels House of Costumes." At that hearing, which was held long after the sale of the business interests of the parties had been ordered, the court sustained the appellee's objection to the appellant's testimony, saying "[t]hat was resolved by the decree in July, 1979. That is res judicata, it's over with. I don't want to go into it."

In his argument on this point, the appellant says:

The appellee had in her possession and control a joint bank account held in the name of John E. and Jessie M. Daniels, and containing approximately $5,-000.00. The Court refused to order a division of the proceeds, in the last two post-amended decrees whatever they may be, alleging that the matter was res judicata, since it was not contained in the original decree rendered on March 14, 1979, and entered of record on April 15, 1979. The only problem here, which may be of no importance, is that the court did not make, or even attempt to make a property distribution on March 14, 1979; and, subsequently admitted that the property division contained therein had not been made by the court, and directed that all property be sold and all property of the parties of any nature be divided equally, and this was never done as to the joint owned bank account.

It is apparent that the appellant is confused about the court's reference. The court referred to the July decree rather

than the original one rendered in April nunc pro tunc March 14. The decree of July 18, 1979, certainly did purport to distribute some of the parties' property, and it ordered the assets of the business with which the account was connected sold at auction with the proceeds to be divided by the court.

The appellee contends that in the position of the record not designated for appeal the court determined this account was not joint property. That argument fits the court's remark which we *are* able to find in the record that the matter is "res judicata." The appellant has given us no reason or information upon which we could conclude this was an erroneous conclusion, although we might have used the term "law of the case" rather than "res judicata." See, James and Hazard, *Civil Procedure*, § 11.5 (2d ed. 1977).

Affirmed.